[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
CT Page 458
The defendant husband has moved to modify alimony and the plaintiff wife has moved to have him held in contempt for failing to pay it.
When the parties were divorced in 1991, the court (Hon. Herbert Barrall) ordered the husband to pay alimony of $30,000.00 per year ($576.00 weekly) for twelve years to the wife based upon his income, which the court found to be $95,000.00. In making the award, the court recognized that the defendant's income would potentially vary both upwards and downwards, and made the amount of alimony modifiable. In articulating its decision, the court also specified that the defendant's income from sources other than his principal employment at the time could be considered in determining whether the alimony could be modified.
In 1998, the court (Hon. Sheridan Moore) modified the defendant's alimony obligation to $430.00 based upon a finding that he had an earning capacity of $900.00 per week and an attribution of income to him of the amount of principal he had paid to his current wife for a mortgage she held on his property. The principal has since been paid in full, and that income stream no longer exists.
At the time of the 1998 hearing, the defendant was employed as a sales representative for a direct mail promotion company and showed income of $670.00 per week on his financial affidavit.[1] He left that job in March, 1999 when he experienced a dispute with his employer about commissions. He bought a franchise for Minuteman Press and established the business in Enfield. Between April and at least May of that year, he was unable to commence training for the business because he suffered a detached retina. The business has had a steady and even increasing revenue stream, but has not yet realized enough to permit the defendant to take more than a nominal income. There is no evidence of the defendant's present earning capacity beyond what he earns from his business.
Accordingly, the motion to modify alimony must be granted. Alimony will be modified to $1.00 per year. The modification will be retroactive to December 22, 1999.
The court does not find that Mr. Ardery is in contempt for failing to pay alimony after December, 1999. However, any sums unpaid prior to December 22, 1999 must be paid within fifteen days.
The defendant shall provide to the plaintiff all state and federal tax filings, both personal and business, within ten days after those are CT Page 459 filed, whether they are filed annually or quarterly, including any filings of sales tax receipts due to the Connecticut Department of Revenue Services. This obligation shall terminate upon the termination of the obligation to pay alimony.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.